BAILES, Judge.
This is a summary proceeding instituted by the Collector of Revenue against the International Brotherhood of Teamsters Local No. 5 to enforce payment by the defendant of certain past due income taxes, penalties and interest applicable thereto due by Edward G. Partin, its business manager, through a levy against the salary of the said Edward G. Partin paid to him by the defendant. This proceeding is instituted under the authority of LSA-R.S. 47:1574.
In the trial court no appearance was made by the defendant prior to rendition of the judgment and no answer or other proceeding was filed by defendant. After due proof was made of the plaintiff-ap-pellee’s demand and subsequent to the rendering and signing of the judgment against the defendant and in favor of the plaintiff, the defendant, through counsel, moved for and was granted a suspensive appeal. This appeal was duly and timely perfected.
The defendant-appellant, in its brief, assigns two errors to the validity of the judgment and on which it relies to overturn the judgment rendered below. This assign of errors is:
1. The District Court erred in not finding that the Collector of Revenue filed their rule for taxes against a legally and factually non-existing association; and
2. The District Court erred in giving legal effect to the Collector of Revenue service of the notice of levy upon a person the defendant has never heard of, and is in no way the agent of said defendant.
Defendant’s argument in support of these two assigned errors of the district court is quoted in full herein:
“ASSIGNMENT OF ERRORS
“ERROR NO. 1:
“The District Court erred in not finding that the Collector of Revenue filed their rule for taxes against a legally and factually non-existing association.
“ERROR NO. 2:
“The District Court erred in giving legal effect to the Collector of Revenue service of the notice of levy upon a person the defendant has never heard of, and is in no way the agent of said defendant.
“ARGUMENT OF THE LAW AND THE FACTS
“This rule for delinquent taxes was filed by the Collector of Revenue for the State of Louisiana against ‘International Brotherhood of Teamsters, Local No. 5’.
“Paragraph Number Two (2) of this Rule alleged that defendant is, ‘a trade union organized under the laws of the State of Louisiana, domiciled in the Parish of East Baton Rouge.’
“Appellant submits that the party against whom suit has been filed is not a trade union organized under the laws of the State of Louisiana. In fact, there is no union organized in the Parish of East Baton Rouge as ‘International Brotherhood of Teamsters, Local No. 5’. It is true that under Article 738 of the Louisiana Code of Civil Procedure, ‘an unincorporated association has the procedural capacity to be sued in its own name,’ however, it is clear that this does not allow any association to be sued under a name other than the express name of the association. Judgment on the *320 rule for taxes has actually been rendered against an association which legally, and in fact is non-existent.
“Paragraph Six (6) of the Collector’s suit has alleged that, ‘plaintiff caused to be served upon defendant through its agent, Donise Bennerd, a notice of levy as required by our statute.’ The statute which plaintiff apparently refers to is R.S. 47 :- 1571, which requires,
‘Whenever the collector, or his authorized ,assistant shall distrain any property of a taxpayer, he shall cause to be made a list of the property or effects distrained, a copy of which, signed by the collector of his authorized assistant shall be sent by the registered mail to the taxpayer at his last known residence or business address, or served on the taxpayer in person.’
“Defendant wishes to point out that at no time in the past, or at the present time has any Donise Bennerd been in any way connected with or even known by defendant. Donise Bennerd has never served as an employee or agent of defendant, and a Donise Bennerd was served with the notice of levy as is alleged by the plaintiff, there is clear that service was not made on the agent or anyone connected with'defendant’s business.
“Appellant submits that because this suit for taxes has been brought against a legally and factually non-existent association and because that service was made on a person not an agent of or even known by appellant, that the judgment of the District Court be reversed and that there be judgment in favor of defendant.”
The facts on which the defendant grounds his argument are totally and completely dehors the record. We cannot favorably consider defendant’s argument based on facts not supported by the record.
Our careful and detailed examination of the record fails to disclose to us any error in the judgment of the trial court.
The judgment appealed from is affirmed at defendant-appellant’s cost.
Affirmed.